IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE B. WALKER | * | |
| Plaintiff, | * | |
| v. | * | 1:07-CV-633-MHT |
| | | (WO) |
| TOMMY R. SCARBOROUGH, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Freddie Walker, an inmate incarcerated at the Bullock Correctional Facility, complains that the defendants, the Alabama State Bar and his court appointed attorney Tommy Scarborough, engaged in conduct which resulted in a violation of his constitutional rights. Specifically, Plaintiff alleges that counsel failed to forward to him a free copy of his criminal trial transcript. He further alleges that the Alabama State Bar refused to open a formal complaint file after he brought to its attention the matter of counsel's alleged deficient conduct. Plaintiff requests monetary damages. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Tommy Scarborough, Esq.*

The essence of Plaintiff's civil rights claim is his assertion that he has a constitutional right to a free copy of his criminal trial transcript. To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981).[2]

The United States Supreme Court has held that states violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment if they condition a defendant's exercise of a right to appellate review upon his ability to pay for that right. See *Griffin v. Illinois,* 351 U.S. 12, 18-20 (1956). Therefore, states must provide indigent defendants "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina,* 404 U.S. 226, 227 (1971). Courts have generally held, however, that an indigent defendant has no constitutional right to a personal copy of the criminal trial transcript when a copy of the transcript has been made available to his or her counsel. *See Anderson v. Tomasic*, 930 F.2d 32 (10th Cir. 1991); *Guy v. Watkins*, 579, F. Supp. 1019, 1021

---

[2]Plaintiff is advised that neither appointed nor retained counsel acts under color of state law in representing a defendant in trial proceedings or on direct appeal. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir.1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law).

(E.D. Pa. 1984). Further, it is well established that an indigent defendant does not have a constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. See *United States v. MacCollom,* 426 U.S. 317 (1976); *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *Smith v. Beto,* 472 F.2d 164, 165 (5th Cir. 1973); *Colbert v. Beto,* 439 F.2d 1130, 1131 (5th Cir. 1971).

Plaintiff's criminal trial for which he seeks a copy of the transcript occurred "on or about Dec. Or March 2002." (Doc. No. 1 at 2.) According to the complaint, Plaintiff's trial counsel received a copy of the transcript in question. Additionally, by his own admission, Plaintiff seeks the documents in question in order to raise all violations which occurred at his criminal trial proceeding but complains that he may be barred from pursuing his claims by the applicable statute of limitations. Under the facts presented, Plaintiff has no federally protected right to a free copy of his trial transcript, and therefore, he fails to demonstrate a valid claim under 42 U.S.C. § 1983.

To the extent Plaintiff's complaint also alleges that this lack of access to his criminal trial transcript interfered with his right of access to the courts, he is entitled to no relief under the facts presented. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith,* 430 U.S. 817 (1977)). A prisoner's right of access to courts, however, is not unlimited. *Id*. at 351. Rather, the right encompasses only "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts," *i.e.* non-frivolous legal claims challenging their convictions or conditions of confinement. *Id*. at 351 (citing *Bounds*, 430 U.S. at 825).

3

Here, Plaintiff has not identified any non-frivolous claims he seeks to litigate in either the state courts of Alabama or in the federal court system. Rather, he seeks copies of court records merely to ensure that his constitutional and/or statutory rights were not violated. Thus, Plaintiff has neither alleged nor shown that his lack of access to court records prevented him from presenting his proposed claims to the state or federal courts. Further, he does not demonstrate that his proposed claims are non-frivolous.

In sum, Plaintiff's claim that defense counsel failed to provide him with a free copy of his state court criminal trial transcript is frivolous as such conduct is not violative of either the Constitution or federal law, and the complaint is subject to dismissal on that basis. Accordingly, Plaintiff's complaint against Defendant Scarborough is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The Alabama State Bar*

Plaintiff files suit against the Alabama State Bar. The Alabama State Bar is not a legal entity subject to suit or liability under § 1983, *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), nor is it a person within the meaning of 42 U.S.C. § 1983. *See McFarland v. Folsom*, 854 F. Supp. 862, 874 n.9 (M.D. Ala. 1994). In any event, Plaintiff's allegation that the Bar failed to open a formal complaint in regard to Plaintiff's claim against Defendant Scarborough as discussed *infra*, fails to state a claim of constitutional magnitude. In light of the foregoing, Plaintiff's claims against the Alabama State Bar are due to be dismissed. *See Neitzke*, 490 U.S. at 327.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 10, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of August 2007.

   /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE